IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD PARKS,

    Plaintiff,

v.                                                        CASE NO. 5:11-cv-117-SPM-GRJ

FRANK MCKEITHEN and
RICK ANGLIN,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at the Bay County Jail, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and is proceeding pursuant to an amended complaint, Doc. 7.  Plaintiff seeks leave to proceed as a pauper (Doc. 2).  The Defendants are Bay County Sheriff Frank McKeithen and Bay County Jail Warden Rick Anglin.  Upon consideration of Plaintiff's claims, it is recommended that leave to proceed as a pauper be denied and that this case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

### Plaintiff's Allegations

Plaintiff's claims may be summarized as follows.  Upon being detained at the Bay County Jail, Plaintiff was examined in the jail's medical department.  Plaintiff stated that he had a "right ac joint seperation [sic]" and lower back pain; he requested a lower bunk pass.  Following his examination by the jail's nurse, Plaintiff was denied a lower bunk pass and was assigned to an upper bunk in his housing unit.  After one and one-half months, Plaintiff fell and injured his "right ac joint, left shoulder, and lower back."

Plaintiff alleges that he filled out a request for a lower bunk, and that after he fell a second time he filled out an inmate sick call request. Plaintiff was seen by K. Smith, R.N., who again denied him a lower bunk pass. Plaintiff was scheduled to see jail physician Dr. Lippman about receiving a lower bunk pass. Before seeing Dr. Lippmann, Plaintiff spoke to Lt. Gresco and Lt. Sword about a pass, and both officers told Plaintiff that they would move him to a lower bunk if Dr. Lippmann did not. Plaintiff requested to be seen by an outside physician and requested an increase in pain medication. Plaintiff was not seen by an outside physician, but he was scheduled for x-rays and he was examined by Dr. Lippman, who prescribed pain medication and wrote Plaintiff a lower bunk pass.

Plaintiff alleges that the denial of a lower bunk pass amounted to deliberate indifference to his serious medical needs. Plaintiff alleges that Defendants' failure to install ladders on the jail's bunks violates his right to a safe environment. Plaintiff complains that he was denied access to an outside medical provider. For relief, Plaintiff requests an injunction prohibiting inmates from being assigned to top bunks until Defendants add ladders to the bunks, and an order that all inmates who are assigned to top bunks be transferred to a facility with step ladders.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission

*Case No: 5:11-cv-117-SPM-GRJ*

committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

## Discussion

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment.   Claims of deliberate indifference to

the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause, rather than by the Eighth Amendment's Cruel and Unusual Punishment Clause. *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 n. 3 (11th Cir.2007). However, pretrial detainees are afforded the same protection as prisoners, and cases analyzing deliberate indifference claims of pretrial detainees and prisoners can be used interchangeably. *Id.*

"To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Even with a liberal construction, the allegations of the amended complaint fail to state a claim against the named Defendants. Plaintiff's factual allegations do not implicate the named Defendants in any way. Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. In order to be liable, the claimant must show that the official "personally participate[d]" in the act or there was "causal connection between the

*Case No: 5:11-cv-117-SPM-GRJ*

actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003).  The complaint is devoid of such allegations.

Further, even if Plaintiff's asserted medical condition was objectively serious, his factual allegations reflect that the jail medical personnel and staff responded to his complaints by providing him with medical attention and a low bunk pass.  To the extent that Plaintiff argues he should have been given a low bunk pass when he was initially detained and examined by the medical department, such argument reflects a mere disagreement with the medical judgment of the nurse who initially decided that Plaintiff's medical condition did not warrant a low bunk pass.  Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference.  *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a

constitutional claim."). For the same reason, the fact that jail medical personnel did not refer Plaintiff to an outside physician does not provide a basis for Eighth Amendment liability. *See Estelle* 429 U.S. at 107 ("A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.").

Accordingly, the Court concludes that the allegations of the complaint fail to state a claim upon which relief may be granted. It is respectfully **RECOMMENDED** that leave to proceed as a pauper, Doc. 2, be **DENIED**, and that this case be **DISMISSED** pursuant to 28 U.S.C § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 8th day of June 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**