*Second Amended*

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## Gainesville DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Bernard Parks

Inmate # 001437

(Enter full name of Plaintiff)

vs.

CASE NO: 5:11-CV-117-SPM-GRJ

(To be assigned by Clerk)

Bay Co. Board of Co. Commissioners
Bay Co. Jail Medical Dept.
Dr. Lippman Ronald
R.N. K. Smith

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Filed 0627'11 USDC FLN 1PM 1240

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Bernard Parks
Inmate Number: 001437
Prison or Jail: Jail
Mailing address: 5700 Star Lane
Panama City, FL.
32404

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Bay Co Board of Co. Commissioners
    Official position: Commissioner
    Employed at: 808 W. 11th St
    Mailing address: 808 W. 11th St
    Panama City, FL. 32404

(2) Defendant's name: Dr. Ronald Lippman
    Official position: Jail Doctor
    Employed at: 5700 Star Lane
    Mailing address: 5700 Star Lane
    Panama City, FL. 32404

(3) Defendant's name: K. Smith
    Official position: R N.
    Employed at: Bay Co. Jail
    Mailing address: 5700 Star Lane
    Panama City, Fl. 32404

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

### IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( ✓ )   No( )

1. Parties to previous action:
    (a) Plaintiff(s): Bernard Parks
    (b) Defendant(s): Rick Anglin, aramark Co. Bay co Bord Comm.
2. Name of judge: not assigned   Case #: 11-613-CA
3. County and judicial circuit: Bay (14) Fourteenth
4. Approximate filing date: on or about 3-25-2011
5. If not still pending, date of dismissal: Still pending
6. Reason for dismissal: not dismissed
7. Facts and claims of case: Canteen at Bay Co. Jail exceeding the Fair market value in violation of Section 951.23(9)(B) F.S. (2010) and FL. model Jail Standard Rule 10.01 (B) price gouging
(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ✓ )   No( )

1. Parties to previous action:
    a. Plaintiff(s): Bernard Parks
    b. Defendant(s): Sheriff Sam Cochran
2. District and judicial division: Southern District of Alabama 113 St. Joseph St. Mobile, AL, 36602
3. Name of judge: Don't remember   Case #: Don't remember
4. Approximate filing date: 6-20-2010
5. If not still pending, date of dismissal: Still pending as known to me
6. Reason for dismissal: Don't know if it has been dismissed or not.

3

7. Facts and claims of case: Defendants Rick Anglin, Aramark, Bay Co. Board of Co. Commissioners has set prices that exceed the Fair market value of comparable products sold in community where Jail is located.

(Attach additional pages as necessary to list other federal court cases.)

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)   No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): Bernard Parks
   b. Defendant(s): Det. Webster, Sam Cochran,
2. District and judicial division: Mobile Circuit
3. Name of judge: Roderick Stout / James Wood  Case #: Don't remember
4. Approximate filing date: 9-25-2008
5. If not still pending, date of dismissal: 8-16-2009
6. Reason for dismissal: Failure to comply with Rule 39 of the Alabama Supreme Court Filed an appeal, motion to Past/Early
7. Facts and claims of case: Plaintiff was being illegally detained law enforcement authorities were trying to apply Expo Facto

(Attach additional pages as necessary to list cases.)

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

4

6. Facts and claims of case: Plaintiff's right to a safe environment was denied, Plaintiff exhausted administrative grievance process

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

Plaintiff turned himself in to the Panama City Police Dept. after learning that there was a warrant for his arrest, plaintiff was transported to the Bay Co. Jail Facility, Plaintiff was booked in after being book in plaintiff first stop was medical, plaintiff informed medical of health conditions and that he did have a right a.c. joint seperation and pain in lower back plaintiff requested a bottom bunk pass which was denied.

Nurse stated that you have a week upper body, and that classification was responsible for assigning bottom bunks. I asked the nurse to make a note that I requested a bottom bunk pass and put it in my medical records Folder/File.

Plaintiff was then housed in A-4 until top bunk until Classification decided where you would be housed during your incarceration at the Bay Co. Jail Facility.

A class. move was order I was housed in A-1 F-630 10 upper bunk.

Plaintiff remained on 10 upper for approximately one and half months before falling re injuring his right a.c. joint, left shoulder, and lower back, plaintiff remained on top bunk until cell mate Loring Jones was sentenced to Florida Department of Corrections.

5

Plaintiff in an attempt to address the safety issue of having to manually climb/Jump up and down four and half 4½ to five 5 foot from floor to top bunk.

Plaintiff contends that he filled out inmate request form, inmate informal resolution, inmate grievance form.

Plaintiff contends after he exhausted all the administrative grievance process the results was futile.

The administration responded by stating Due to safety and security issues this is not possible. Grievance coordinator.

Gross negligence, inattentive actions of the Defendant's to provide a safe environment after it has been brought to their attention, it clearly shows the Bay County Jail Facility Administration disregard for the safety and health conditions of inmates housed on top bunks with deteriorating health plaintiff with limited use of right arm having to pull up his body weight in plaintiff's opinion is cruel and unusual punishment a violation of the Eighth Amendment and Fourteenth Amendment Due process of law.

6

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Cruel and Unusual punishment is a violation of the U.S.C.A. Const Amend. VIII and the USCA Amend. XIV Due process of law and Equal protection under the Fourteenth Amendment, pretrial detainees are entitled to at least a's much protection as under the Eighth Amendment

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

(1) I am respectfully requesting the Judge, order an injunction prohibiting inmate from being on top bunks until Defendant's add ladders (2) Have all inmates housed on top bunks transfered to a facility with step ladders that provide a safe enviroment the Sheriff and Co. Commissioners shall bear all costs. monetary, Declaratory Judgment

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

6-21-2011
(Date)

Bernard Parks
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☒ deposited in the prison's internal mail system on: the 21 day of June , 20 11 .

Bernard Parks
(Signature of Plaintiff)

Revised 03/07

7

# (A.) V. STATEMENT OF FACTS CONTINUED

Plaintiff was in excruciating pain day and Plaintiff filled out inmate request form directed to shift supervisor/classification in an attempt to get a bottom bunk results was futile.

Plaintiff was forced to use his right arm manually climbing up and down. pulling himself up (4) four and (½) half to (5) five to get in and out of bunk which was very dangerous to the plaintiff.

After falling down the (2nd) second time Plaintiff filled out inmate sick call request form to see the nurse to make appointment to visit Dr. Lippman the Bay County Jail Facility Doctor, instead plaintiff was seen by K. Smith RN. plaintiff requested a bottom bunk pass which was denied.

## (B) V. STATEMENT OF FACTS CONTINUED

Plaintiff spoke to Lt. Gresco and Lt. Sword concerning the bottom bunk pass and plaintiff health condition. Lt. Gresco stated that her shift was about to end and that Lt. Sword would be coming to work ask him to move you and if He don't I will move you when I come back to work Wednesday, I talked to Lt. Sword and informed him that I was scheduled to see Dr. Lippman about a bottom bunk pass Sword told me that he would move me if Doctor didn't.

Prior to talking to Lt. Sword and Lt. Gresco plaintiff filled out another inmate sick call request form to see the doctor outside the Facility and requesting an increase in pain medication, after my health started to deteriorate plaintiff was scheduled

## (C) V. STATEMENT OF FACTS CONTINUED

For (2) two x-rays on left and right shoulder. Dr. Lippman also pain medication and wrote plaintiff a bottom bunk pass

Denial of bottom bunk pass due to plaintiff's health conditions is deliberate indifference for serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.

Defendant's fail to install ladders violates the plaintiff's right to a safe environment.

Facts are after x-ray plaintiff was denied access to outside medical provider.

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that

## (D.) V STATEMENT OF FACTS CONTINUED

is so obvious even a lay person would easily recognize the necessity for a doctors attention.

"Indifference can be manifested by prison doctors in taking the easier and less efficacious route in treating an inmate" and medical care that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the Eighth Amendment.

## (A) (e) Facts and Claims of Case Continued

constitutional doctrine guaranteeing prisoners provisions of life's basic necessities for period of their confinement has absorbed the common-law view that it is only just that the public be required to care for a prisoner, who cannot, by reason of the deprivation of his liberty, care for himself.

Failure or refusal to provide treatment when indicating a deliberate indifference to serious medical needs of prisoners, could well result in deprivation of life itself and, as such, is violative of due process clause of Fourteenth Amendment. U.S.C.A. Const. Amend. 14.

## (B) 6. Facts and Claims of Case Continued

Plaintiff alleges that after x-rays Dr. Lippman refused to make an appointment to a medical facility outside of the jail after x-rays clearly shows that plaintiff condition was getting worse and that he could not raise his arm at all. Further plaintiff's meds. was stoped for approximately eleven days before meds. started back.

Bay County Board of County Commissioners.

1. Failure or refusal to provide living and working conditions which do not jeopardize the health and safety of inmates;
2. Failure or refusal to provide inmates with a medical care delivery system which is accessible and adequate to meet their medical needs; violates the U.S.C.A. both Eighth and Fourteenth.,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE CIVIL RIGHTS COMPLAINT FORM HAS BEEN FURNISHED TO DEFENDANT'S <u>BAY COUNTY BOARD OF COUNTY COMMISSIONERS</u> AT 808 W. 11th ST. PANAMA CITY, FL. 32401 (850) 784-4013 <u>Dr. RONALD LIPPMAN</u> AT 5700 STAR LANE PANAMA CITY, FL. 32404 (850) 785-5245 <u>R.N. K. SMITH</u> AT 5700 STAR LANE PANAMA CITY, FL. 32404 (850) 785-5245 ON THIS <u>21st</u> DAY OF <u>JUNE</u>, 2011, VIA, PRE-POSTAGE FIRST-CLASS, U.S. MAIL.

*Bernard Parks*
Bernard Parks, Plaintiff
Pro-se

4-29-11

# BAY COUNTY SHERIFF'S OFFICE
## JAIL FACILITY

### INMATE REQUEST FORM

TO: Medical

DATE: 4-25-11

FROM (INMATE NAME): Bernard Parks

BOOKING #: 001437    HOUSING LOCATION: A-7 F-630 106W

REQUEST: I am in excruciating pain day and night, I am respectfully requesting a visit to Free World Doctor, mean while I am requesting an increase in medication

(Panhandle orthopaedics      (Flynn William J MD PA
200 Doctors Dr.               2211 Harrison Av.
Panama City, Fl.)             Panama City, Fl.)

(Bone William DMD            (Southern Orthopedic Spec
2579 Huntcliff Ln             Rehabilitation Center
Panama City, Fl.)             1827 Harrison Av.
                              Panama City, FL)

RESPONSE: to Kim

Any visit to an outside provider will be at your expense which you will be required to pay for in advance. Please let us know which provider you choose & have made financial arrangements with & we will schedule the appt.    K. Smith RN. CJ

OFFICIAL SIGNATURE: _____    TITLE: _____

Property of BAY COUNTY SHERIFF'S OFFICE JAIL FACILITY

*Do Not Alter or Revise this form. 4-15-11*

Bernard Parks
5700 Star Lane
Panama City, Fl.
32404

**POSTAGE DUE** $.84

United States District Court
Office of The Clerk
401 S.E. 1st ave suite 243
Gainesville, Fl.
32601-6805

